UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

CHARLES D. BENTLEY, TDOC #83335 )
)
v. ) No. 2:09-CV-105
) *Jordan/Inman*
TONY PARKER, Warden )

## MEMORANDUM OPINION

Charles D. Bentley, a prisoner in the Morgan County Correctional Complex in Wartburg, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner is challenging the legality of his confinement under 2007 convictions for theft of property more than $10,000, but less than $60,000; aggravated robbery; and violation of an habitual traffic offender order—all entered pursuant to his guilty pleas in the Sullivan County, Tennessee Criminal Court. Before the Court are the respondent warden's unopposed motion to dismiss and supporting brief, to which are attached copies of the state court record. (Docs. 9, 10, Attachments A - G).

In the motion, the respondent argues that the petition is barred by the applicable statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter ADEPA). The Court agrees and will **GRANT** the motion and **DISMISS** the petition.

## I. The Timeliness Issue.

The AEDPA, *codified* in 28 U.S.C. § 2241, *et seq.*, amended the federal habeas corpus statutes and added a one-year statute of limitations to govern the filing of an application for a federal writ of habeas corpus. The statute of limitations begins to run from the date the petitioner's state judgment of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, the petitioner's conviction became final thirty days after his guilty pleas were entered. The pleas were entered on January 18, 2007, and his conviction became final on February 19, 2007.[1] Hence, to be timely, the habeas corpus application needed to be filed on or before February 19, 2008. Under the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), the petitioner's § 2254 application is deemed to have been filed on October 20, 2008, the date postmarked on the face of envelope containing his pleading. (Doc. 1, Attach. 2). Thus, unless something tolled the statute of limitations, this petition was filed eight months late.

---

[1] Because the petitioner did not actually seek direct review, his direct appeal would have concluded when the time for filing such an appeal had lapsed. *See* 28 U.S.C. § 2244(d)(1)(A). The time for filing his appeal expired thirty days after January 18, 2007, when his order of judgment was entered. Tenn. R. App. P. 4(a). The count begins on the day following the event which actuates an appeal—here, Friday, January 19, 2007. Since the thirtieth day fell on Saturday, February 17, 2007, and since the courthouse is closed on the weekend, the petitioner would have had until Monday, February 19, 2007, to file a timely appeal. Thus, it is this date on which petitioner's conviction became final.

The statute is tolled pursuant to § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending. Petitioner did not file a direct appeal or pursue collateral relief in the state courts. The Court finds that petitioner does not qualify for statutory tolling under § 2244(d)(2).

## II. Equitable Tolling.

Even if this federal petition was filed outside the prescribed time-limits in § 2244(d), the Court still has jurisdiction to consider it under the equitable tolling doctrine. This doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a habeas corpus claim, precludes a strict application of the one-year statute of limitations. *See Keenan v. Bagley*, 400 F.3d 417, 420-21 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

The petitioner suggests that AEDPA's statute of limitations should not apply because of his mental challenges and incompetence. In support of this argument, petitioner has submitted his medical records from the Lakeshore Mental Health Institute, including his discharge summary and psychiatric evaluation. According to

these records, petitioner had been in jail since March of 2006 and had a long history of bipolar disorder, anxiety, and depression. On December 1, 2006, while confined in the SCDC, petitioner was rushed to the Indian Path Medical Center and evaluated by the mobile crisis team, after reporting that he had swallowed a razor blade. Petitioner did this, so he said, because he "did not get the cigarettes and coffee" which he had requested.

Petitioner denied that the episode was a suicide attempt, but did relate that he heard voices when he got upset and that he was bereaved due to his spouse's death the year before. The mobile crisis team reported that petitioner was extremely manic, rambling, exhibited pressured speech, was not sleeping, and was smearing feces in his cell. On December 7, 2006, after being evaluated for possible complications from swallowing the razor blade, he was admitted to Lakeshore for a psychiatric examination.

According to the psychiatric report, petitioner's medical history included alcohol abuse, bipolar disorder, marijuana use (which he claimed helped him relax and sleep), and medications—prescribed (Lithium, Navane, and Cogentin) and, perhaps, non-prescribed (Xanax and Valium, "when he c[ould] get them"). His mental status examination showed an intact memory but disorganized thinking, with significant grandiose overtones. For instance, petitioner stated that he stayed up all night because he had to clean his surroundings so that staph germs from the jail did

not reach little children out in the world; that he was a multimillionaire, with money in several different banks, which he intended to leave to his children; and that he robbed the bank only because he heard voices which threatened to kill one of his children unless he robbed the bank. (Petitioner was charged with bank robbery.)

Upon his discharge from Lakeshore on January 4, 2007, petitioner was diagnosed as having a psychotic disorder, with a guarded prognosis in view of his substance abuse. He was instructed to comply with his medication regime, to remain substance-free, and to attend Alcoholics Anonymous and Narcotics Anonymous meetings. Petitioner left the facility with two-weeks worth of prescribed medications, vitamins, etc., and was returned to the SCDC. Fourteen days later, he pled guilty to the three criminal offenses with which he was charged.

Mental illness can toll a statute of limitations, but only if it actually prevents a petitioner from pursuing his legal rights during the limitations period. *Price v. Lewis*, 119 Fed. Appx. 725, * 726, 2005 WL 23371, *1 (6th Cir. Jan. 5, 2005); *Nowak v. Yukins*, 46 Fed. Appx. 257, *259, 2002 WL 2026196, *2 (6th Cir. Aug. 27, 2002) (petitioner must show that alleged mental incompetence affected her ability to file a timely habeas petition). In this case, the petitioner's claimed mental illness would have had to preclude him from raising his habeas claims during the period of April 24, 1996 to April 24, 1997.

The transcript of his guilty plea, (Doc. 10, Attach. D), shows that petitioner's

attorney during the plea proceedings told the plea-accepting court that, at times, his client did not understand things, but that "today he does appear to understand what's going on." *Id* at 8. The trial court then noted that petitioner had met with the staff of Assessment and Forensic Services, a department of Frontier Health, and that it had determined that he was competent to defend himself at trial and that his diminished capacity or insanity was not at issue—all of which petitioner's lawyer confirmed. *Ibid*.

The petitioner has not alleged or submitted any documentation to show that the conditions in the SCDC or the state prison, where he is or has been confined, were so restrictive that they prevented him from filing a timely § 2254 petition. Nor has he shown the existence of any circumstances during AEDPA's time-period (i.e., February 18, 2006 to February 19, 2007) which precluded him from conforming with § 2244(d)'s time-constraints. And while he alleges that he has been undergoing psychiatric treatment during the entire time he has been imprisoned, he does not indicate that this treatment in any way blocked him from pursuing habeas corpus relief. *Robison v. Hinkle*, 610 F.Supp.2d 533, 542 (E.D.Va. 2009) ("A claim of continuing psychiatric care is insufficient to trigger equitable tolling").

To the extent that the petitioner is relying on his diagnosis of a psychotic disorder, in and of itself, to establish his mental incompetency, not every manifestation of mental illness equates with incompetency. *See, e.g., Lyons v.*

*Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005); *Bilbrey v. Douglas,* 124 Fed.Appx. 971, 973, 2005 WL 548895, *2 (6th Cir. Mar. 7, 2005) (rejecting equitable tolling because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (ruling that a petitioner's mere contentions of mental incompetency at the time of his guilty pleas did not entitle him to equitable tolling); *Nichols v. Dormire,* 11 Fed.Appx. 633, 634, 2001 WL 311006, 1 (8th Cir. Apr. 2, 2001 (noting that petitioner's medical diagnosis of various psychotic disorders did not mentally impair him to such a degree as to interfere with the running of the AEDA's one-year limitations statute); *Rhodes v. Senkowski*, 82 F.Supp. 2d 160, 173 (S.D.N.Y. 2000) (petitioner must allege more that the "mere existence of physical or mental ailments" to warrant equitable tolling).

Based on all the information and data in the files in this case, including that contained in the state court record, the Court has no "genuine basis for concern" that the petitioner's alleged mental incompetence kept him from filing a timely habeas corpus petition. *See Rohan ex rel. Gates v. Woodford* 334 F.3d 803, (9th Cir. 2003) ("When a putative habeas petitioner's mental competency is at issue, and the record discloses a genuine basis for concern, it is appropriate to toll the AEDPA's time bar until a reasonable period after the district court makes a competency determination.") (citing *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998),

*overruled on other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The petitioner has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified. Therefore, the Court finds that ADEPA's statute of limitations should not be equitably tolled. *See Brown v. McKee*, 232 F.Supp.2d 761, 767 (E.D.Mich. 2002) ("A habeas petitioner's mental incompetence is not a per se reason to toll the statute of limitations for filing a federal habeas petition.").

### III. Conclusion

For the reasons discussed above, the respondent's motion to dismiss the habeas corpus petition as time-barred will be **GRANTED**; this case will be **DISMISSED**; and a separate order of dismissal will issue.

**ENTER**:

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE